**Walter HOOPER, Petitioner-Appellant,**

v.

**E. P. PERINI, Respondent-Appellee.**

**No. 79–3167.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 3, 1979.

Decided Feb. 17, 1981.

Rehearing Denied April 1, 1981.

Walter Hooper, pro se.

Paul Mancino, Jr., Cleveland, Ohio [Court-Appointed CJA], for petitioner-appellant.

William J. Brown, Atty. Gen. of Ohio, Simon B. Karas and Richard David Drake, Asst. Attys. Gen., Columbus, Ohio, for respondent-appellee.

Before EDWARDS, Chief Judge, and CECIL and CELEBREZZE, Senior Circuit Judges.

EDWARDS, Chief Judge.

This is an appeal from the judgment of a district court in the Northern District of Ohio which denied petitioner Hooper's application for habeas corpus relief under 28 U.S.C. § 2254. Petitioner's claim[1] is that the state trial judge, in the course of his charge to the jury, committed constitutional error by placing on the defendant the burden of proving by a preponderance of the evidence the defense of self-defense.

The jury in this case returned a verdict of guilty of second degree murder under Ohio Revised Code § 2901.05. This statute in 1973[2] defined second degree murder as purposeful and malicious killing. Since proof of self-defense would clearly negate the malice element, petitioner claims that he has had to carry the burden of proof on an essential element of the offense which should be required of the state.

The District Court cited United States Supreme Court cases including *In re Winship*, 396 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975);

and *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977). The court appeared to rely primarily on the *Patterson* case. In *Patterson*, the Supreme Court upheld the State of New York in placing the burden of an affirmative defense, "extreme emotional disturbance," upon the defendant. The facts in this case would indeed provide appellant a jury issue on the extreme emotional disturbance defense of the *Patterson* case except for the fact that Ohio law affords no such defense to a second degree murder charge.

The facts in this case show that petitioner is not entitled to the writ and that the District Judge should be affirmed. After a bar brawl on December 22, 1973 between one Salmon and Hooper which had something to do with both whiskey and a bar dancer, the fight was renewed outside the bar. By all accounts, including Hooper's own statement made on the scene to a police officer, Hooper won the fight. The overwhelming evidence showed that Hooper knocked Salmon out, gained possession of Salmon's gun and while Salmon was lying on the ground, shot him through the heart at point blank range. Assuming that the burden of proof instruction was constitutional error, it would be harmless beyond reasonable doubt on these facts. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). In addition, in this case there is no showing of "prejudice" as defined by the Supreme Court in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). In *Wainwright* the Supreme Court dealt with the "prejudice" issue in language which is directly applicable here:

"The other evidence of guilt presented at trial, moreover, was substantial to a degree that would negate any possibility of actual prejudice resulting to the re-

---

1. Petitioner relies primarily upon *Berrier v. Egeler*, 583 F.2d 515 (6th Cir. 1978). *Berrier* is quite a different case both factually and legally. Michigan law has always placed the burden of proof of disproving self-defense on the state whenever a defendant raised the issue. The trial judge in the *Berrier* case failed to place the burden on the state.

2. Ohio Revised Code § 2901.05 provides:

No person shall purposely and maliciously kill another. Whoever violates this section, except in the manner described in sections 2901.01, 2901.02, 2901.03, and 2901.04 of the Revised Code, is guilty of murder in the second degree and shall be imprisoned for life.

spondent from the admission of his inculpatory statement." *Id.* at 91, 97 S.Ct. at 2508.

The judgment of the District Court is affirmed.

CELEBREZZE, Senior Circuit Judge, concurring.

Petitioner Hooper did not object at trial to the jury instructions allocating to him the burden of proving the affirmative defense of self-defense by a preponderance of the evidence. Since he failed to comply with Rule 30 of the Ohio Rules of Criminal Procedure which requires a contemporaneous objection in order to preserve the issue for appeal, his threshold task is to satisfy the "cause" and "prejudice" standards of *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977). *See Hockenbury v. Sowders*, 620 F.2d 111 (6th Cir. 1980). The *en banc* decision of this court in *Isaac v. Engle*, 646 F.2d 1122 (6th Cir. 1980) holds that, in situations such as this, the absence of any colorable reason for raising an objection will constitute "cause", and "prejudice" is presumed when the burden of proof is shifted to the defendant when he has produced sufficient evidence to raise the defense of self-defense. As the majority notes, the evidence adduced by Hooper to corroborate his claim of self-defense was grossly inadequate. That failure to present sufficient evidence on the issue of self-defense precludes consideration of petitioner's claim.

Even if Hooper were able to satisfy the *Wainwright* criteria, the substance of his due process claim is without merit. Petitioner claims that it was a denial of due process for the state to compel him to prove self-defense by a preponderance of the evidence. The underpinning of this contention is the assertion that the defense of self-defense negates the element of malice. On the one hand, the state was forced to prove beyond a reasonable doubt that the killing was committed purposely and with malice in order to convict. On the other hand, petitioner claims that he was forced to rebut the element of malice by proving the affirmative defense by a preponderance of the evidence in order to gain an acquittal on the theory of self-defense. Petitioner argues this constitutes impermissible burden shifting under *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). I would reject this claim on the merits and affirm the denial of habeas corpus relief based upon the reasoning of my opinion for the court in *Carter v. Jago*, 637 F.2d 449 (6th Cir. 1980). The thrust of *Carter* is that due process of law does not preclude a state, once having proved the fundamental elements of a crime beyond a reasonable doubt, from then placing the burden of proving an affirmative defense on the accused. In this setting, an instruction shifting the burden of proof does not remove from the prosecution the full burden resting upon it under *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970), but simply reflects a legislative evaluation of a party's superior access to the proof.