Preston **GLENN**, Petitioner-Appellant,

v.

William **DALLMAN**, Superintendent, Respondent-Appellee.

No. 81–3519.

United States Court of Appeals, Sixth Circuit.

Argued May 27, 1982.

Decided Aug. 23, 1982.

Gregory L. Ayers, Franklin County Public Defender, Barbara Slutsky, Columbus, Ohio, for petitioner-appellant.

Richard David Drake, Asst. Atty. Gen., Columbus, Ohio, for respondent-appellee.

Before KENNEDY, Circuit Judge, SWYGERT * and PECK, Senior Circuit Judges.

JOHN W. PECK, Senior Circuit Judge.

This appeal from the district court's denial of a state prisoner's habeas corpus petition raises the question whether the state trial court's complete failure to instruct the jury on an essential element of the crime for which petitioner was convicted was harmless error. We conclude that it was not and reverse the judgment of the district court and remand with the directions that the writ issue ordering that the petitioner's conviction be reclassified from aggravated burglary to burglary.

Petitioner was indicted by the Franklin County, Ohio, Grand Jury for the offenses of aggravated burglary, Ohio Rev.Code Ann. § 2911.11 (Anderson), and theft, Ohio Rev.Code Ann. § 2913.02 (Anderson). Petitioner pled not guilty to both charges and was tried before a jury. The state presented evidence from which the jury could find that petitioner and a companion had entered a dwelling house during the morning hours and committed a theft. It was undisputed that no person was present in the home at the time of the unlawful entry and theft. The owner of the house testified that she had been at work and that the other residents of the house had been at school at the time of the crime. There was evidence from which the jury could conclude that the owner of the house had returned to the house within minutes of the burglars' departure.

At the conclusion of the evidence the trial judge instructed the jury that aggravated burglary was the unlawful entry of an "occupied structure" for the purpose of committing a theft offense. Under Ohio law "occupied structure" does not mean that someone is actually present in the building, but rather is used to connote a dwelling place as opposed to a structure not used as a residence. Consequently, the trial judge instructed the jury that an "occupied structure" is a permanent or temporary habitation of any person, whether or not any person is actually present. Petitioner objected to the charge on aggravated burglary on grounds that the charge given omitted an essential element of aggravated burglary. Specifically, petitioner contended that aggravated burglary required as an essential element a finding that a person was either present or likely to be present in the "occupied structure" at the time of the crime. The trial judge concluded that the instruction omitting the requirement of "present or likely to be present" was correct.

The jury found petitioner guilty under the instruction that aggravated burglary was the unlawful entry of a dwelling for the purposes of theft, without any instruction that the state must prove that some person was present or likely to be present at the time of the crime. Petitioner exhausted state remedies challenging his convictions and subsequently brought a habeas corpus petition in federal district court alleging a violation of his Constitutional right to confront adverse witnesses and a violation of due process by the trial court's refusal to instruct the jury on the "likely to be present" element of aggravated burglary. The district court dismissed the petition as to both questions raised, stating that the jury charge appeared correct as a matter of Ohio law. Three months after that dismissal, in another matter, the Ohio Supreme Court held that "present or likely to be present" is an essential element of the offense of aggravated burglary and that failure to instruct the jury on this element would result in a conviction for the lesser included offense of "simple burglary". *State v. Wilson*, 58 Ohio St.2d 52, 388

* Honorable Luther M. Swygert, Senior Circuit Judge, U. S. Court of Appeals for the Seventh Circuit, sitting by designation.

N.E.2d 745, *appeal dismissed,* 444 U.S. 804, 100 S.Ct. 25, 62 L.Ed.2d 17 (1979). Accordingly, while affirming the district court's dismissal of the habeas corpus petition with respect to the confrontation question, this Court remanded the question of failure to instruct on the elements of aggravated burglary to the district court for reconsideration in light of *Wilson.* 635 F.2d 1183.

On remand the district court recognized that at the time of petitioner's conviction, under Ohio law, aggravated burglary required proof not only of the elements covered by the jury instructions actually given, but also proof that someone either was present or was likely to be present in the dwelling house at the time of the unlawful entry. The district court therefore concluded that the trial court's instruction on aggravated burglary was erroneous in that it omitted the essential element of "present or likely to be present". However, the district court concluded that this error was harmless because the fact that the owner of the dwelling had returned within minutes of the burglar's departure would have prevented a reasonable jury from finding that no person was likely to be present at the time of the crime. The district court again dismissed the petition.

On this appeal, the appellee State of Ohio argues that the district court correctly applied the harmless error doctrine to the question whether the trial court's failure to instruct on an essential element of the crime violated due process. Appellee argues that this Court in *Krzeminski v. Perini,* 614 F.2d 121, *cert. denied,* 449 U.S. 866, 101 S.Ct. 199, 66 L.Ed.2d 84 (1980) and again in *Hooper v. Perini,* 641 F.2d 445 (1981) has established a rule that the only errors in jury instructions in state criminal trials cognizable in federal habeas corpus

proceedings are those that may have affected the jury's verdict. The State argues that under this rule it was proper for the district court to examine the record and to determine that if the jury had been instructed on the element of "present or likely to be present", then the jury would have found that element proved beyond a reasonable doubt.

We cannot agree that the harmless error rule was properly applied by the district court in the present case. It is true that the burden on a state prisoner who seeks to collaterally attack erroneous jury instructions by means of a federal habeas corpus petition is a heavy one. As the Supreme Court stated in *Henderson v. Kibbe,* 431 U.S. 145, 154, 97 S.Ct. 1730, 1736, 52 L.Ed.2d 203 (1977):

> The question in such a collateral proceeding is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process", *Cupp v. Naughten,* 414 U.S. at 147, 94 S.Ct. at 400, 38 L.Ed.2d 368, not merely whether "the instruction is undesirable, erroneous, or even 'universally condemned,' " *id.,* at 146, 94 S.Ct., at 400.

However, unlike the erroneous instructions of *Krzeminski* and *Hooper,*[1] the error in the present case was the complete and utter failure to inform the jury of an essential element of the crime of which the petitioner was convicted. On the facts of the record before us we must conclude that this failure was a violation of due process.

■ It is fundamental Constitutional law that no one may be convicted of a crime absent proof beyond a reasonable doubt of every fact necessary to constitute that crime. *See, e.g., In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

---

1. In *Krzeminski* the trial court instructed the jury on the elements of the crime charged, but also instructed the jury that it could not find the defendant not guilty and must find the defendant guilty of first degree murder, second degree murder, manslaughter, or not guilty by reason of insanity. The defendant had admitted the unlawful killing and had offered insanity as his only defense. In *Hooper* the jury was instructed on the elements of the crime

charged, but the defendant alleged that the instructions had erroneously placed the burden of proof of self-defense on the defendant. The jury had therefore considered the question of self-defense and rejected the defense. This Court held that the evidence was such that the result would have been the same regardless of who had the burden of proof on the question of self-defense.

Where a jury sits as the finder of fact in a criminal trial, the court's instructions to the jury concerning the necessary elements of the crime charged are the only means of assuring that the State is put to its burden of establishing every element of the crime. While the stringent test enunciated by the Supreme Court in *Henderson* may insulate many if not most varieties of erroneous jury instructions in state criminal trials from federal habeas corpus relief, the complete failure to instruct on an essential element of a crime must, in most cases, be an exception.[2] An example is this Court's decision in *Berrier v. Egeler*, 583 F.2d 515 (1978), where a state trial judge's instructions to the jury failed to place the burden of proof of an essential element of a crime on the state. That failure was held to be plain error that so infected the fairness of the trial that it could not be deemed harmless beyond a reasonable doubt. *Id.* at 522.

Other courts of appeal have reached similar conclusions in cases where federal trial courts failed to instruct juries on the essential elements of various federal crimes. These courts have also gone further and noted that such errors are not made harmless merely because there is overwhelming evidence from which the jury could have found that the government carried its burden had the jury been properly instructed. *United States v. King*, 521 F.2d 61, 63 (10th Cir. 1975); *United States v. Howard*, 506 F.2d 1131 (2nd Cir. 1974). *See also, Merrill v. United States*, 338 F.2d 763 (5th Cir. 1964).

▮ The failure to instruct a jury on an essential element of a crime is error because it deprives the defendant of the right "to have the jury told what crimes he is actually being tried for and what the essential elements of these crimes are." *United States v. Natale*, 526 F.2d 1160, 1167 (2nd Cir. 1975), *citing, United States v.*

*Fields*, 466 F.2d 119, 121 (2nd Cir. 1972). This error is not rectified solely because a reviewing court is satisfied after the fact of a conviction that sufficient evidence existed that the jury would or could have found that the state proved the missing element had the jury been properly instructed. As the Second Circuit stated in *United States v. Clark*, 475 F.2d 240, 248 (1973):

> If justice is to be done in accordance with the rule of law, it is of paramount importance that the court's instructions be clear, accurate, complete and comprehensible, particularly with respect to the essential elements of the alleged crime that must be proved by the government beyond a reasonable doubt, see *Holland v. United States*, 348 U.S. 121, 138, 75 S.Ct. 127, 99 L.Ed. 150 (1954).

The Constitutional right to a jury puts the government to the burden of proving the essential elements of the crime to the jury's satisfaction, not to the reviewing body's satisfaction. *United States v. Howard*, 506 F.2d 1131, 1134 (2nd Cir. 1974).

In the present case the jury found petitioner guilty of aggravated burglary, but was never instructed that it must find that the state proved beyond a reasonable doubt that a person was likely to be present in the dwelling burglarized in order to convict of aggravated burglary. The dissent would hold that failure to instruct the jury that it had to find that a person was present or likely to be present was harmless error because, "No rational juror could help but find that the house was regularly inhabited and the occupying family in and out during the day in question and burglarized while they were temporarily absent."

Assuming *arguendo* that the dissent is correct about what a rational jury would find, all that this necessarily proves under Ohio law is that the burglary occurred in an "occupied structure" as defined by Ohio

---

**2.** In recognition of this Court's pronouncements in *United States v. Bryant*, 461 F.2d 912, 921 (1972) and *United States v. Rybicki*, 403 F.2d 599 (1968), we stop short of declaring a per se rule that complete failure to instruct on an essential element of a crime violates due process. However, these decisions each re-versed criminal convictions because the omitted jury instructions did not pertain to "technical" or "procedural" elements of the crimes involved. It is clear that omitting instructions that are not related to procedural or technical elements but to elements that go to the question of guilt or innocence is plain error.

Rev.Code Ann. § 2909.01. As the Ohio Supreme Court stated in *State v. Wilson*, 58 Ohio St.2d 52, 388 N.E.2d 745, *appeal dismissed*, 444 U.S. 804, 100 S.Ct. 25, 62 L.Ed.2d 17 (1979), proof that a burglary occurred in an occupied structure is not sufficient to prove that someone was present or likely to be present "at the time." *Id.* at 58, 388 N.E.2d at 750. Aggravated burglary "requires two elements of proof, permanent or temporary habitation and presence or likelihood of presence." *Id.* at 59, 388 N.E.2d at 750.

The Ohio Supreme Court rejected as *obiter dicta* language in *State v. Kilby*, 50 Ohio St.2d 21, 361 N.E.2d 1336 (1977), suggesting that aggravated burglary could occur at a home simply because it was a home without regard to whether individuals would "be home from work or play *at a particular time.*" (emphasis added). *Wilson, supra* at 59, 388 N.E.2d at 750. The Court noted that *Kilby* merely held that proof that a dwelling house was burglarized while the residents were temporarily absent was sufficient evidence to "support a charge of aggravated burglary." *Id.* at 60, 388 N.E.2d at 751. Thus, while proof that a burglarized structure was a "regularly inhabited" house and that the family was "in and out during the day in question" entitles the State to place the charge of aggravated burglary before the jury, that proof does not, as the dissent suggests, entitle the State to a presumption that someone was present or likely to be present *at the time of the crime*, a necessary element of aggravated burglary under Ohio law. According to the Supreme Court of Ohio, such a presumption would violate the Due Process Clause by unconstitutionally presuming the existence of an element of the offense. *Id.* at 59, 388 N.E.2d at 750.

The fact that the family in the present case was temporarily absent from the house during the burglary, and the fact that they were in and out of the house during the day in question, was evidence from which the jury, under proper instruction, may have found either that someone was likely to be present at the time of the burglary or that no one was likely to be present at that time.

In addition, the defendant presented evidence that he had knocked at the door some time shortly before the burglary and found no one home. Merely proving that the family members were in and out during the day is not conclusive on the likely to be present element. Therefore, even assuming the dissent is correct in its surmise as to what a rational jury would have found, we cannot say that it was harmless error not to instruct the jury that it must find that someone was likely to be present at the time of the burglary in order to convict for aggravated burglary. Because due process required that the State prove this essential element of aggravated burglary to the satisfaction of the jury, petitioner's Constitutional rights were violated.

■ Having concluded that the petitioner's Constitutional rights were violated by his conviction for aggravated burglary, the circumstance of the petitioner having obtained final release from parole during the course of his habeas corpus proceedings complicates the process of determining the appropriate remedy. Clearly, the fact that petitioner is no longer in custody in any traditional sense does not automatically moot his claim for relief nor defeat federal jurisdiction over the matter. *Carafas v. LaVallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). If there is any possibility that "adverse collateral legal consequences" will flow from a prior conviction a defendant has sufficient stake in challenging that conviction to prevent the case becoming moot even though the defendant is no longer in custody or under parole. *Sibron v. State of New York*, 392 U.S. 40, 57–8, 88 S.Ct. 1889, 1899–1900, 20 L.Ed.2d 917 (1968).

As the Supreme Court recognized in *Carafas*, a prior conviction may place numerous legal disabilities and burdens on a habeas corpus petitioner's civil liberties that he would not have if his conviction were expunged. If petitioner in the present case were entitled to complete eradication of any felony conviction from his record for the unlawful entry and theft considered by the

jury, then quite clearly petitioner would have the substantial stake in challenging his conviction required to save this proceeding from mootness.

However, in the present case petitioner's stake in attacking his aggravated burglary conviction is not so certain. The instruction given by the trial judge fairly stated the essential elements of burglary under Ohio Rev.Code Ann. § 2911.12 (Anderson). As the Ohio Supreme Court held in *State v. Wilson,* 58 Ohio St.2d 52, 388 N.E.2d 745, *appeal dismissed,* 444 U.S. 804, 100 S.C. 25, 62 L.Ed.2d 17 (1979), the failure to instruct on the element of "present or likely to be present" of aggravated burglary may result in conviction for the lesser included offense of "simple burglary". The jury in the present case was instructed on the essential elements of burglary and returned a verdict of guilty under those instructions.

The federal habeas corpus statute permits federal courts to fashion relief as justice requires. *Peyton v. Rowe,* 391 U.S. 54, 66, 88 S.Ct. 1549, 1555, 20 L.Ed.2d 426 (1968); *Byrd v. Smith,* 407 F.2d 363, 366 n. 8 (5th Cir. 1969). In the present case justice requires the reclassification of petitioner's conviction to match the crime on which the jury was in fact instructed. We cannot say that conviction of aggravated burglary, a felony in the first degree in Ohio, is without legal burden or disability when compared with conviction of burglary, a felony in the second degree. The distinction between these crimes is intended to reflect a higher degree of risk that someone may be harmed during the commission of the crime. Ohio Rev.Code Ann. § 2911.11, Committee Comment (Anderson). This distinction raises at least the possibility that some jurisdiction may attach a legal burden to a prior conviction for aggravated burgla-

ry that it would not attach to a simple burglary conviction. This possibility preserves petitioner's right to relief from the improper aggravated burglary conviction even though the only relief to which he is justly entitled is reclassification of the offense for which he was convicted. Although it does not rise to the level of establishing a standard for judicial distinctions, it is worth noting that in other areas, e.g. obtaining employment, the difference between having a first or second degree felony on one's record could well be of consequence.

Accordingly, we REVERSE the judgment of the district court dismissing the habeas corpus petition and REMAND with directions that the writ issue ordering the reclassification of petitioner's conviction to burglary under Ohio Rev.Code § 2911.12.[3]

CORNELIA G. KENNEDY, Circuit Judge, dissenting.

I would affirm the District Court and deny the writ. Under Ohio law the element that the "occupied structure involved is the permanent or temporary habitation of any person, in which at the time any person is present or likely to be present" is satisfied where the occupied dwelling is a home from which the residents are only temporarily absent. This was the holding of the Ohio Court of Appeals of Franklin County in this case. This holding was consistent with the earlier decision of the Ohio Court of Appeals in *State v. Veal,* 48 Ohio App.2d 46, 355 N.E.2d 521 (1975). It was endorsed by the Supreme Court of Ohio in *State v. Kilby,* 50 Ohio St.2d 21, 361 N.E.2d 1336 (1977). The syllabus * in *Kilby* reads:

1. Where the state proves that an occupied structure is a permanent dwelling house which is regularly inhabit-

---

**3.** This writ is similar to that ordered in *Wood v. Ross,* 434 F.2d 297 (4th Cir. 1970), where, on behalf of a habeas corpus petitioner who had completed a five-year prison sentence, the Fourth Circuit directed the "issuance of the writ with complete cancellation of the record of his [state] convictions." *Id.* at 300.

* The law in Ohio since 1858 has been that it is the syllabus of the Supreme Court decisions which states the law, *i.e.*, the points of

law decided in a case are to be found in the syllabus. Therefore, where the justice assigned to write the opinion discusses matters or expresses his opinion on questions not in the syllabus, the language is merely the personal opinion of the writer.
*State v. Wilson,* 58 Ohio St.2d 52, 60, 388 N.E.2d 745, *appeal dismissed,* 444 U.S. 804, 100 S.Ct. 25, 62 L.Ed.2d 17 (1979).

ed, that the occupying family was in and out on the day in question, and that such house was burglarized when the family was temporarily absent, the state has presented sufficient evidence to support a charge of aggravated burglary under R.C. 2911.11.

Thus a jury instruction that in order to prove that someone was likely to be present the state must prove beyond a reasonable doubt that the structure is a permanent dwelling house which is inhabited, that the family is in and out on the day of the burglary, and that the burglary occurred while the family is temporarily absent would be appropriate under Ohio law.

This construction of Ohio law does not, as the majority asserts, remove the distinction between burglary and aggravated burglary. It simply defines what degree of likelihood Ohio requires for "likely to be present," and where all of the above factors are present likelihood is satisfied. Ohio appears to apply an objective standard of likelihood and not the accused's knowledge. Therefore, unless some standard is set a jury would be required to apply some percentage of chance or other speculative measure of likelihood.

In *State v. Wilson*, 58 Ohio St.2d 52, 388 N.E.2d 745, *appeal dismissed*, 444 U.S. 804, 100 S.Ct. 25, 62 L.Ed.2d 17 (1979), the Ohio Supreme Court rejected the argument that *Kilby* authorized a presumption that if the state proved that the structure was a permanent or temporary habitation, it would be presumed that a person is likely to be present. But, when that court did so, it specifically reaffirmed the syllabus quoted above. 58 Ohio St.2d at 60, 388 N.E.2d 745.

I agree with the District Court that a jury could not reasonably find that this element had not been proved beyond a reasonable doubt. No rational juror could help but find that the house was regularly inhabited and the occupying family in and out during the day in question and the house burglarized while they were temporarily absent. While, as the District Court noted, one might disagree with the construction given this statute by the Ohio Supreme

Court as to what is required by the language that the dwelling is "likely to be occupied," it is not our function to adopt our preferred construction unless the state's construction is entirely irrational.

Although the majority of the panel states that it is not applying a per se rule that the failure to give an instruction on a non-technical element of the crime can never be harmless, it appears to me that it comes close to doing so.

*Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), which held that instructional error could be harmless, listed only the rights to uncoerced confessions, counsel, and trial before an impartial judge as so basic to a fair trial that their denial could never be treated as harmless error. The test to be applied to other errors was to "requir[e] the beneficiary of a constitutional error to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." 386 U.S. at 24, 87 S.Ct. at 828. "[B]efore a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." *Id.*

In *Krzeminski v. Perini*, 614 F.2d 121 (6th Cir.), *cert. denied*, 449 U.S. 866, 101 S.Ct. 199, 66 L.Ed.2d 84 (1980), this Court had occasion to apply the harmless error rule to improper jury instructions which the court found were patently unconstitutional. The state trial judge had advised the jury that since defendant had admitted in open court that he killed the deceased, a verdict of not guilty could not be returned. The judge had also noted that an element of the crime could be presumed, contrary to the holding of *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979).

Applying the *Chapman* test this Court held that the instruction only to convict was harmless under the facts of the case.

Our examination of the record convinces us that the first error was harmless beyond a reasonable doubt. The defense at trial never argued that the defendant should be found not guilty. It argued

that the defendant should be found not guilty by reason of insanity, or alternatively, guilty of a lesser included offense of first degree murder. The defendant admitted the murder to numerous other people and recounted the details of the murder from the witness stand to the jury. Five people testified that the petitioner admitted the murder to them. A friend of the petitioner testified that on two different occasions, the petitioner stated that he was going to kill his wife. The only effect of the judge's instruction that the jury could not acquit the defendant was to minimize the possibility of jury nullification. Only an irrational jury could have acquitted the defendant outright.

*Krzeminski v. Perini, supra,* at 125.

The Court also noted that in remanding *Sandstrom* to the Montana Supreme Court the Supreme Court did so with the notation that the lower court was free to consider the question of harmless error. *Id.,* at 126 n.7. I see no distinction from the defendant's viewpoint between an instruction presuming an element of the crime, the constitutional error in *Sandstrom,* and the failure to give an instruction on an element. In any event the jury has not had the opportunity to pass on that element. Because I think we are required to apply the harmless error rule where a state trial judge fails to instruct the jury on an element of the crime, and because the error here was harmless, I respectfully dissent.

I agree with that portion of the majority's opinion in which it fashions a remedy of reclassification of petitioner's conviction.