Pamela D. GREEN, Petitioner–Appellee, Cross–Appellant,

v.

Dorothy J. ARN, Respondent–Appellant, Cross–Appellee.

Nos. 85–3745, 85–3796.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 26, 1986.

Decided Feb. 22, 1988.

Paul Mancino, Jr. (argued), Cleveland, Ohio, for petitioner-appellee, cross-appellant.

Stuart A. Cole (argued), Asst. Atty. Gen., Columbus, Ohio, for respondent-appellant, cross-appellee.

Before JONES, MILBURN, and BOGGS, Circuit Judges.

## ORDER

This case is before the court on remand from the United States Supreme Court, —— U.S. ——, 108 S.Ct. 52, 98 L.Ed.2d 17, for us to consider the question of mootness. Petitioner Pamela D. Green filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Northern District of Ohio. The district court granted the petitioner's application for the writ, holding that petitioner's convictions on two counts of kidnapping in violation of Ohio Rev.Code § 2905.01 and on three counts of gross sexual imposition in violation of petitioner's Sixth Amendment right to counsel. The controlling issue on appeal was whether harmless error analysis was appropriate where a petitioner demonstrated she was unrepresented by counsel for a critical period of time during the taking of evidence against her at trial. A majority of the panel which heard the appeal answered this question in the negative and affirmed the district court in a decision filed on January 27, 1987. *Green v. Arn,* 809 F.2d 1257 (6th Cir.1987).

Following the remand, we ordered the parties hereto to submit briefs on the question of mootness, and they have complied. The parties state in their briefs that on May 23, 1986, during the pendency of the appeal to the United States Supreme Court, petitioner was released from imprisonment at the Woman's Correctional Facility at Marysville, Ohio. She was released to a halfway house in Columbus, Ohio, until January 5, 1987, and on that date her status was that of a parole release. She remained on parole until February 10, 1987, when she was released from supervision. These facts are not disputed in the parties' briefs.

The sole question now before this court is whether the release from parole of petitioner has mooted her habeas corpus action. On the one hand, petitioner Green argues in her brief that the matter is moot because this court is "without power to decide questions that cannot affect the right of litigants in the case before [it]." Brief at 3. On the other hand, respondent State of Ohio argues in its brief that, because collateral consequences may flow from the criminal conviction, petitioner's "habeas corpus action is not mooted by [her] unconditional release from custody so long as the prisoner is in custody at the time of the filing of the habeas corpus petition." Brief at 1.

In *Carafas v. LaVallee,* 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), the Supreme Court recognized that, because significant collateral consequences flow from a criminal conviction, a habeas petition is not mooted merely by the petitioner's release from custody. This court has consistently adhered to that rule. *See, e.g., Ward v. Knoblock,* 738 F.2d 134 (6th Cir.1984), *cert. denied,* 469 U.S. 1193, 105 S.Ct. 970, 83 L.Ed.2d 974 (1985); *Glenn v. Dallman,* 686 F.2d 418, 422–23 (6th Cir.1982). Moreover, the Supreme Court has "abandoned

all inquiry into the actual existence of specific collateral consequences." *Sibron v. New York*, 392 U.S. 40, 55, 88 S.Ct. 1889, 1898, 20 L.Ed.2d 917 (1968). It is an "obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences," and thus the mere possibility that such consequences may exist is sufficient to preserve a live controversy. *Id.; see also Dallman*, 686 F.2d at 422. The mere fact that petitioner argues that this matter is now moot is not controlling. *See Pennsylvania v. Mimms*, 434 U.S. 106, 108 n. 3, 98 S.Ct. 330, 332 n. 3, 54 L.Ed.2d 331 (1977).

It appearing that the Supreme Court vacated this court's prior judgment in order for us to consider the question of mootness, and having considered the briefs submitted on this issue by the parties and the applicable law, it is ORDERED that the judgment of this court be reinstated because we conclude that petitioner's release from custody and parole has not mooted her habeas corpus action.