993 F.2d 1547
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John W. TIMSON, Petitioner-Appellant,
v.
William AMMER, Judge; Wayne Wilson, Respondents-Appellees.
 No. 92-3711.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1993.
 
 Before KENNEDY and SILER, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 John W. Timson, a pro se Ohio petitioner, appeals the district court's judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A jury convicted Timson in October 1987 of one count of receiving stolen property (RSP) and one count of carrying a concealed weapon (CCW). He was sentenced to concurrent prison terms of 60 days for the RSP count and two years for the CCW count. The trial court, however, suspended both sentences and placed Timson on probation for one-and-one-half years. The Ohio Court of Appeals affirmed Timson's conviction in an opinion issued on May 25, 1989, and the Ohio Supreme Court denied leave to appeal. Timson was finally discharged from probation by the trial court on March 16, 1992.
 
 
 3
 In his federal habeas petition, which was filed on February 21, 1992, Timson raised four grounds for relief: (1) the state failed to disclose evidence favorable to Timson, (2) the trial court erroneously refused to allow him to proceed pro se, (3) he was denied effective assistance of counsel and counsel of his choice, and (4) he was subjected to an illegal search and seizure. The respondent filed a motion for summary judgment, in which he argued that Timson's release from probation after the filing of his habeas petition rendered that petition moot. The district court agreed and dismissed the petition for lack of jurisdiction in an opinion and order filed June 12, 1992.
 
 
 4
 On appeal, Timson argues that the district court erred in dismissing his petition as moot. In addition, he complains of various other procedural errors by the district court in this and other cases filed by him.
 
 
 5
 Upon review, we conclude that the district court's judgment should be vacated and the case remanded because Timson's release from probation did not render his habeas petition moot.
 
 
 6
 A petitioner for habeas corpus relief must be "in custody" pursuant to the conviction he seeks to attack when the petition for habeas corpus is filed in order to vest the district court with jurisdiction over the petition. See 28 U.S.C. § 2254(a); Maleng v. Cook, 490 U.S. 488, 490-92 (1989) (per curiam). Actual physical custody is not required; the fact that Timson was on probation at the time of filing is sufficient for jurisdictional purposes. See Sevier v. Turner, 742 F.2d 262, 268-69 (6th Cir.1984). Nevertheless, the district court, citing Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968), concluded that Timson's discharge from probation mooted the petition and divested the court of jurisdiction.
 
 
 7
 Nowhere in Carafas does the Supreme Court require that the petitioner specifically allege, as implied by the district court, that adverse collateral consequences remain from the mere fact of conviction in order to avoid dismissal because of mootness. This court has held that "because significant collateral consequences flow from a criminal conviction, a habeas petition is not mooted merely by the petitioner's release from custody.... It is an 'obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences,' and thus the mere possibility that such consequences may exist is sufficient to preserve a live controversy." Green v. Arn, 839 F.2d 300, 301-02 (6th Cir.1988) (order) (quoting Sibron v. New York, 392 U.S. 40, 55 (1968)), cert. denied, 488 U.S. 1034 (1989).
 
 
 8
 We additionally note that Timson must still establish on remand that he has presented all of his claims to the state courts, or cause and prejudice to excuse his failure to do so, before habeas relief will be available to him. See Riggins v. McMackin, 935 F.2d 790, 792-93 (6th Cir.1991).
 
 
 9
 Accordingly, the district court's judgment, entered June 12, 1992, is vacated and the case is remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.