**Lambert N. DePOMPEI, Petitioner–Appellant,**

v.

**OHIO ADULT PAROLE AUTHORITY, Respondent–Appellee.**

No. 92–3367.

United States Court of Appeals, Sixth Circuit.

Submitted May 4, 1993.

Decided July 14, 1993.

George W. Palda (briefed), Berkman, Gordon, Murray, Palda & DeVan, Cleveland, OH, Lambert N. DePompei (briefed), Beachwood, OH, for petitioner-appellant.

Samuel N. Lillard (briefed), Office of the Atty. Gen., Columbus, OH, for respondent-appellee.

Before: MARTIN and BOGGS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.

KRUPANSKY, Senior Circuit Judge.

Petitioner, Lambert N. DePompei, appealed from the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. section 2254. The district court adopted the Report and Recommendation of the magistrate dismissing the petition be-

cause the petitioner was no longer "in custody" for purposes of habeas corpus actions, and therefore, the court lacked jurisdiction to entertain DePompei's application. The district court determined that even though the petitioner filed his petition while he was on parole, he no longer was in custody because he had been unconditionally released from parole and his present inability to practice medicine did not constitute custody within the context of habeas corpus actions.

In May of 1982, the petitioner, a physician, was convicted by a jury on four counts of trafficking in drugs in violation of Ohio Revised Code section 2925.03(A)(8), and twenty-seven counts of illegally processing drug prescriptions in violation of Ohio Revised Code section 2925.23(B)(1). The Ohio Eighth District Court of Appeals affirmed his conviction on February 16, 1984, and the Ohio Supreme Court denied his leave to appeal on July 20, 1984. It is undisputed that DePompei exhausted all state remedies.

After serving six years of a ten to thirty year sentence, the petitioner was paroled on September 25, 1989. On September 25, 1990, he filed his pro se application for a writ of habeas corpus in the Northern District of Ohio asserting seven issues for review of his conviction.

On September 27, 1990, the district court referred the instant action to a magistrate for preparation of a Report and Recommendation pursuant to 28 U.S.C. section 636(b). On November 29, 1990, after DePompei filed his petition but before the district court issued its decision, the petitioner was granted a final release from parole. Subsequently, the Ohio Adult Parole Authority (OAPA) filed a motion to dismiss the petitioner's habeas corpus petition arguing that the district court lacked jurisdiction to hear the petition since DePompei no longer was in custody, and the petition was mooted when he was granted a final release from parole. The pro se petitioner filed a brief in response to OAPA's motion to dismiss charging that his petition was not moot because as an Ohio physician he will continue to suffer future collateral consequences from the conviction.

On May 31, 1991, the magistrate submitted his Report and Recommendation denying the petitioner's writ of habeas corpus. The magistrate determined that the petitioner no longer satisfied the custody requirement of section 2254(a), since he received a final release from parole. Moreover, in response to the petitioner's argument that his petition should not be deemed moot, the magistrate stated that "the inability to pursue certain professions does not constitute custody. Therefore, petitioner's inability to practice medicine does not fall within the meaning of 'custody' under 28 U.S.C. § 2254."

On June 13, 1991, the petitioner filed objections to the magistrate's Report and Recommendation reasserting the identical arguments advanced in his brief in response to OAPA's motion to dismiss. However, the district court adopted the magistrate's Report and Recommendation on March 30, 1992.

The petitioner filed a timely notice of appeal contesting the district court's dismissal of his habeas corpus petition. Subsequently, he applied to the Sixth Circuit for a certificate of probable cause, which was granted by this Court.

The threshold issue in the instant action is whether the district court continued its jurisdiction over DePompei's petition for habeas corpus once he was released from custody. In *Carafas v. LaVallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), the Supreme Court unanimously concluded that it retained jurisdiction over a petition for habeas corpus even though the petitioner had been released from custody shortly before petitioning for certiorari because he had been in custody at the time his original application had been filed. The Court directed that "under the statutory scheme, once the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of the proceedings on such application." *Id.* at 238, 88 S.Ct. at 1560. The Court further stated that as a jurisdictional prerequisite "the applicant must be 'in custody' when the application for habeas corpus is filed." *Id.; see Maleng v. Cook*, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989); *Sevier v. Turner*, 742 F.2d 262, 268–69 (6th Cir.1984).

In the instant action, DePompei was on parole when he filed his habeas corpus petition in the district court. The Supreme Court has determined that parole is a form of custody for the purposes of a habeas corpus action. *Jones v. Cunningham*, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); *Sevier*, 742 F.2d at 268–69. Therefore, DePompei was "in custody" at the time he filed his habeas corpus petition, and the district court had jurisdiction to entertain the application pursuant to section 2254. DePompei's unconditional release from custody after the petition had been filed did not disturb the court's jurisdiction.

Respondent, OAPA, has asserted that DePompei's habeas corpus petition was mooted by his unconditional release from custody. However, the Supreme Court has dictated that a habeas corpus petitioner's cause is not automatically rendered moot when a petitioner is released from custody after he has filed his habeas corpus application because collateral consequences could result from his conviction. *Carafas*, 391 U.S. at 237, 88 S.Ct. at 1559. Addressing this issue in *Green v. Arn*, 839 F.2d 300, 301 (6th Cir.1988), *cert. denied*, 488 U.S. 1034, 109 S.Ct. 847, 102 L.Ed.2d 979 (1989), this circuit noted that

> [i]n *Carafas v. LaVallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), the Supreme Court recognized that, because significant collateral consequences flow from a criminal conviction, a habeas petition is not mooted merely by the petitioner's release from custody. This court has consistently adhered to that rule.

*Id.* at 301–02.

Moreover, the Supreme Court does not require the actual existence of a specific collateral consequence. *Sibron v. New York*, 392 U.S. 40, 55, 88 S.Ct. 1889, 1898–99, 20 L.Ed.2d 917 (1968). Rather, the mere possibility that such consequences could exist is sufficient to preserve a live controversy. *Id.;* see *Green*, 839 F.2d at 301–02.

In the instant action, DePompei's medical license had been revoked by the State of Ohio Medical Board when he was convicted on thirty-one counts of violating Ohio drug trafficking laws. However, if DePompei suc-cessfully overturns his drug trafficking conviction, he may file a petition with the Medical Board for reconsideration to reinstate his medical license pursuant to Ohio Revised Code section 4731.22(E) (Anderson 1992). Accordingly, DePompei's petition was not mooted by his release from parole because significant collateral consequences could flow from his criminal conviction.

For the foregoing reasons, the disposition of the district court is hereby **REVERSED** and **REMANDED**.