82 F.3d 418
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John SHEWCHUN, Petitioner-Appellant,
v.
Doris MEISSNER, Commissioner of the Immigration and
Naturalization Service, Respondent-Appellee.
 No. 95-1682.
 United States Court of Appeals, Sixth Circuit.
 April 16, 1996.
 
 1
 Before: NELSON and RYAN, Circuit Judges, and SPIEGEL, District Judge.*
 
 ORDER
 
 2
 John Shewchun, pro se, appeals a district court order dismissing his petition for a writ of mandamus filed pursuant to 28 U.S.C. § 1361. This case has been referred to a panel of the court pursuant to Rule 9(a). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 At the time the petition for a writ of mandamus was filed, Shewchun was awaiting transfer from the Federal Correctional Institution in Milan, Michigan (FCI Milan), to the Federal Correctional Institution in Oakdale, Louisiana (FCI Oakdale). According to Shewchun's case manager at FCI Milan, Shewchun's proposed transfer to FCI Oakdale was initiated at the request of the Immigration and Naturalization Service (INS). The gravamen of Shewchun's request for a writ of mandamus relates to his assertion that the INS lacked jurisdiction to authorize his transfer to FCI Oakdale. In addition to Shewchun's efforts to prevent his transfer to FCI Oakdale, he also sought to quash a previously issued INS show cause order and two INS investigative detainers on file with FCI Milan and FCI Oakdale. The INS show cause order and the detainers are apparently based on INS's allegations that Shewchun committed two infractions of the Immigration and Nationality Act. Shewchun argues that these allegations are meritless, and therefore, the show cause order should be dismissed, the detainers withdrawn, and the deportation case closed.
 
 
 4
 In his petition, Shewchun sought a writ of mandamus directing the respondent: 1) to obey the Constitution as well as INS regulatory and statutory law; 2) to cease violating his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments; 3) to cease harassing Shewchun; 4) to quash the INS show cause order; and 5) to remove the Milan and Oakdale detainers. The district court dismissed the petition for lack of subject matter jurisdiction. This timely appeal followed.
 
 
 5
 This court renders de novo review of orders dismissing cases for lack of subject matter jurisdiction. Willis v. Sullivan, 931 F.2d 390, 395 (6th Cir.1991). A writ of mandamus is an extraordinary remedy, and is intended to provide a remedy only if the plaintiff has exhausted all other avenues of relief and the defendant owes the plaintiff a clear nondiscretionary duty. Willis, 931 F.2d at 395 (citing Heckler v. Ringer, 466 U.S. 602, 616-17 (1984)).
 
 
 6
 Upon review, we conclude that the dismissal of Shewchun's mandamus petition was proper. First, Shewchun's mandamus petition is moot insofar as Shewchun requested that the INS investigative detainers be removed and that the INS be restrained from transferring him from FCI Milan to FCI Oakdale. After Shewchun filed his mandamus petition, the Bureau of Prisons withdrew its then-pending motion to transfer Shewchun from FCI Milan to FCI Oakdale. Subsequently, on March 20, 1995, Shewchun was released on probation from FCI Milan.
 
 
 7
 Second, Shewchun failed to show that he exhausted "all other avenues of relief" with respect to that aspect of his mandamus petition that sought to quash the INS show cause order. In fact, as the district court correctly pointed out, Shewchun's deportation case is currently pending before the INS in Detroit, Michigan, and no decision has been made as to whether or not Shewchun is to be deported. Because Shewchun's deportation case has not yet been decided by the immigration judge, Shewchun has no jurisdictional basis to petition for a writ of mandamus.
 
 
 8
 Finally, the remaining arguments asserted on appeal are without merit. It was within the district court's considerable discretion to decide the issue of subject matter jurisdiction without issuing an order to show cause to the respondent, without conducting an evidentiary hearing, and without making specific findings of fact. See Land v. Dollar, 330 U.S. 731, 735 n. 4 (1947); Rogers v. Stratton Indus., Inc., 798 F.2d 913, 918 (6th Cir.1986). Moreover, Shewchun does not have a right to have his case heard by a particular judge. See United States v. Braasch, 505 F.2d 139, 147 (7th Cir.1974), cert. denied, 421 U.S. 910 (1975). Nor does Shewchun have the right to have his judge selected by a random draw. See United States v. Simmons, 476 F.2d 33, 35 (9th Cir.1973).
 
 
 9
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation