89 F.3d 835
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John SHEWCHUN, Petitioner-Appellant,
v.
U.S. PAROLE COMMISSION, Respondent-Appellee.
 No. 94-2198.
 United States Court of Appeals, Sixth Circuit.
 June 4, 1996.
 
 Before: KEITH and SILER, Circuit Judges; GIBBONS, District Judge.*
 PER CURIAM.
 
 
 1
 John Shewchun appeals the district court's order denying his petition for a writ of habeas corpus. For the reasons that follow, we affirm the decision of the district court.
 
 I.
 
 2
 Found guilty of one count of mail fraud and five counts of wire fraud, Shewchun received a sentence of fourteen years on December 13, 1984. On November 30, 1987, the U.S. Parole Commission (the "Commission") released Shewchun on parole with supervision to last until July 31, 1998. On March 5, 1992, Probation Officer Woodie Thomas recommended continued supervision of Shewchun partly because of his failure to complete payment of a fine for his 1984 crimes; the Commission agreed and continued supervision.
 
 
 3
 On November 9, 1992, Ann Arbor Police arrested Shewchun on an extradition warrant arising from a complaint filed in Perrysburg, Ohio. The complaint charged Shewchun with felony forgery for submitting a credit application to Ohio Citizens Bank in the name of a deceased person, Alexander Zawinsky, for the purchase of a travel trailer. On November 17, 1992, Thomas recommended that the Commission issue a parole violator warrant as a detainer against Shewchun, who was opposing extradition to Ohio. The Commission issued a violator warrant, and the U.S. Marshals subsequently arrested Shewchun. He was committed to the FCI in Milan, Michigan.
 
 
 4
 On December 4, 1992, Thomas recommended that the Commission amend the warrant application to include three additional charges against Shewchun: 1) leaving the supervisory district without permission; 2) failing to report his arrest; and 3) committing new criminal conduct related to a December 1, 1992 complaint filed with the Ann Arbor Police for fraudulent use of a credit card. The last charge resulted from Shewchun's acquisition and use of a Sears credit card in the name of Alexander Zawinsky. On December 11, 1992, the Commission issued a supplemental warrant application charging Shewchun with the four violations.
 
 
 5
 On December 18, 1992, Shewchun filed his first petition for a writ of habeas corpus, alleging: 1) the Commission lost jurisdiction over him because it did not conduct a five-year termination hearing[1] by November 30, 1992; 2) the parole violator warrant was defectively issued and executed; and 3) the conditions of confinement violated his constitutional rights. The district court denied the petition on February 17, 1993, and this court affirmed in Shewchun v. U.S. Parole Comm'n, 12 F.3d 214, 1993 WL 524246 (6th Cir.1993) (unpublished).
 
 
 6
 On February 25, 1993, Probation Officer Ernest Thompson conducted a preliminary hearing to determine if probable cause existed for the four parole violations. Thompson recommended that probable cause existed only as to Shewchun's failure to report his arrest and leaving the district of supervision.[2] But on March 19, 1993, the Regional Commissioner found that probable cause existed for all four violations including the charges of fraud in Ohio and Michigan. On May 4, 1993, a revocation hearing was held in which Shewchun was represented by two attorneys. The proceedings were conducted as both a revocation hearing and as a hearing to determine whether Shewchun should have been released from supervision after five years of parole. The hearing examiners recommended revocation of parole. The Commission informed Shewchun by letter that his parole was revoked and that he was continued to a presumptive parole after he served his sentence of 28 months. Shewchun then exhausted his administrative remedies. On October 8, 1993, while the appeal of his first petition was still pending in the Sixth Circuit, Shewchun filed his second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The district court denied the petition.
 
 II.
 
 7
 Shewchun's myriad arguments on appeal can be summarized as follows: 1) the Commission lost authority and jurisdiction over him because it did not conduct a five-year termination hearing; 2) the parole violator warrant was improperly issued and executed; 3) the Commission incorrectly found "probable cause" regarding the charges of fraud from Ohio and Michigan; 4) the Commission failed to employ the preponderance of the evidence standard when revoking his parole; 5) the Commission denied him due process during the revocation hearing; and 6) the Commission failed to demonstrate "good cause" in exceeding the resentencing guidelines by twelve months.
 
 
 8
 On April 7, 1995, the Commission filed a motion to dismiss this appeal as moot because Shewchun was released from custody on March 30, 1995. However, a habeas corpus action is not mooted by the petitioner's unconditional release from custody as long as the petitioner was in custody at the time of filing the petition. De Pompei v. Ohio Adult Parole Auth., 999 F.2d 138, 140 (6th Cir.1993) (citing Carafas v. LaVallee, 391 U.S. 234 (1968)); see also Olson v. Hart, 965 F.2d 940, 942-43 (10th Cir.1992) (finding petition not moot if filed during probation and conviction will have adverse legal consequences; probation is custody); United States v. Dickey, 924 F.2d 836, 838 (9th Cir.) ("When a sentence imposed may have collateral consequences for a defendant in any possible future sentencing, the appeal from such a sentence, even if already served, is not moot."), cert. denied, 502 U.S. 943 (1991). As Shewchun filed this petition while incarcerated at FCI Milan, his appeal is not moot.
 
 
 9
 As for the substance of Shewchun's arguments, we find them wholly without merit and dismiss them upon the same grounds cited by the district court.[3] Shewchun's only argument worthy of discussion is that the Commission failed to demonstrate "good cause"[4] in resentencing him to 28 months, 12 months above the guideline range for his salient factor score. "[T]his court cannot substitute its judgment for that of the Parole Commission as to what constitutes 'good cause' for departing from the guidelines." Hackett v. U.S. Parole Comm'n, 851 F.2d 127, 131 (6th Cir.1987) (citation omitted). The Commission may determine the adequacy of Shewchun's salient factor score and override such score for additional risk posed by his behavior. 28 C.F.R. § 2.20(e). The Commission found "good cause" to depart based on the similar nature and number of Shewchun's numerous convictions and charges for various frauds, including a federal conviction in Florida, two state convictions from New York and Rhode Island, and the two charges from Ohio and Michigan. Case law supports the Commission's departure based upon Shewchun's pattern of fraud. Bialkin v. Baer, 719 F.2d 590, 594 (2d Cir.1983) (finding Commission not precluded from considering number, nature, and frequency of prior and current offenses); Stroud v. U.S. Parole Comm'n, 668 F.2d 843, 847 (5th Cir.1982) (upholding Commission's departure based on nature of convictions establishing a pattern of fraudulent behavior). Hence, the Commission's departure is rational. See Bialkin, 719 F.2d at 594 ("Regardless of whether we might agree with the commission's evaluation of the pattern of [parolee's] offenses, there nevertheless is a rational basis for [its decision to fix] a parole date beyond the guidelines.").
 
 
 10
 AFFIRMED.
 
 
 
 *
 The Honorable Julia S. Gibbons, Chief United States District Judge for the Western District of Tennessee, sitting by designation
 
 
 [1]
 A termination hearing is mandated by 18 U.S.C. § 4211(c)(1)
 
 
 [2]
 The Ohio and Michigan fraud charges were dismissed without prejudice by respective state courts
 
 
 [3]
 Shewchun's two arguments regarding the Commission's jurisdiction and issuance of a parole violator warrant are successive and meritless. See Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.) (quotation omitted), cert. denied, 481 U.S. 1055 (1987); United States ex rel Pullia v. Luther, 635 F.2d 612, 616-17 (7th Cir.1980) (rejecting argument that Commission's jurisdiction automatically expires after five-year period). The remaining arguments are also meritless
 
 
 [4]
 The Commission may not depart from the range of parole sentencing guidelines absent a showing of "good cause." See 18 U.S.C. § 4206(c)