96 F.3d 1448
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John SHEWCHUN, Petitioner-Appellant,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE; Doris
Meissner, Commissioner of the Immigration and Naturalization
Service; John Caplinger; United States Bureau of Prisons;
Joseph B. Bogan, Respondents-Appellees.
 No. 95-1755.
 United States Court of Appeals, Sixth Circuit.
 Sept. 4, 1996.
 
 E.D.Mich., No. 95-70443; Horace W. Gilmore, Judge.
 
 
 1
 E.D.Mich.
 
 
 2
 AFFIRMED.
 
 
 3
 Before: SILER and BATCHELDER, Circuit Judges; CARR, District Judge.*
 
 ORDER
 
 4
 John Shewchun, a Michigan resident, appeals pro se an order of the district court denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 At the time this petition was filed, Shewchun was a federal prisoner incarcerated in Michigan, against whom a detainer had been filed by the INS stating that he was under investigation to determine whether he should be deported. In this petition, Shewchun sought to enjoin his transfer to the Federal Correctional Institution in Oakdale, Louisiana, for a deportation hearing, to order his release to a halfway house, and to vacate the INS detainer and the order to show cause issued in the deportation proceedings. While this case was pending in the district court, Shewchun was released on parole. The district court then entered an order denying the petition on the grounds that much of the relief requested had been rendered moot, and that Shewchun had not been in the custody of the INS at the time of filing of the petition. This appeal followed. Shewchun argues that his petition was erroneously denied, that this case was wrongfully transferred to a judge who was biased against him, that he was not properly served with the response to his petition, and that he was denied discovery.
 
 
 6
 Upon review, we conclude that this petition was properly denied. Shewchun's release on parole rendered moot his requests for relief in the form of enjoining his transfer to the Oakdale FCI and ordering his release to a halfway house. The relief of vacating the detainer was also rendered moot. Moreover, the district court properly noted that the existence of the detainer was not sufficient to establish that Shewchun was in the custody of the INS at the time of filing the petition. See Prieto v. Gluch, 913 F.2d 1159, 1164 (6th Cir.1990), cert. denied, 498 U.S. 1092 (1991). Finally, Shewchun was not entitled to seek the relief of vacating the show cause order in his deportation proceedings by way of a 28 U.S.C. § 2241 petition, which is designed to challenge the execution of federal sentences. In order to challenge the deportation proceedings, Shewchun is required to first exhaust his administrative remedies, and then appeal to a federal Court of Appeals. See Juarez v. INS, 732 F.2d 58, 59 (6th Cir.1984). Because Shewchun was entitled to none of the relief requested, this petition was properly denied.
 
 
 7
 The issues raised on appeal are frivolous. Shewchun had no right to have his case assigned to any particular judge, and has demonstrated no prejudice from the transfer of this case. See Sinito v. United States, 750 F.2d 512, 515 (6th Cir.1984). The record also shows that Shewchun eventually was served with the response to his petition and filed a reply before the district court entered its order. Nor was any discovery required in this case, due to its complete lack of merit.
 
 
 8
 Accordingly, the district court's order denying this petition is affirmed. Rule 9(b)93), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation