**Charlene HAYDEN; John Shewchun, Plaintiffs–Appellants,**

**v.**

**State of RHODE ISLAND; Attorney General for the State of Rhode Island, Defendants–Appellees.**

No. 00–2429.

United States Court of Appeals, Sixth Circuit.

June 15, 2001.

Before JONES, SUHRHEINRICH, and DAUGHTREY, Circuit Judges.

Frequent litigator John Shewchun and Charlene Hayden appeal a district court judgment that dismissed their suit for want of personal jurisdiction. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit.

We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Shewchun and Hayden filed suit in the United States District Court for the Eastern District of Michigan against Rhode Island and that state's attorney general. Shewchun claimed that the defendants had, since the early 1980s, systematically violated his civil rights by maintaining that he had entered a valid plea of nolo contendere to state felony charges. Hayden asserted only a pendent claim of loss of consortium with Shewchun.

The magistrate judge recommended that the case be dismissed for want of personal jurisdiction. Over the plaintiffs' objections, the district court adopted the findings of the magistrate judge and dismissed the suit.

In their timely appeal, Shewchun and Hayden argue that the district court: (1) erred by dismissing their suit for want of personal jurisdiction; (2) failed to conduct de novo review of their claims following their objections to the magistrate judge's report; and (3) failed to address Hayden's claim of loss of consortium.

The district court did not err. Its judgment encompassed Hayden's claims of loss of consortium as well as Shewchun's frivolous and duplicative civil rights claims. We will affirm the district court's judgment for the reasons stated and adopted by that court in its November 2, 2000, order.

■ We note that the district court did not fail to conduct a proper review of the plaintiffs' claims. The district court stated that it conducted a full review of the plaintiff's claims, and this statement by the court, without more, is adequate proof that the court conducted de novo review. *Tuggle v. Seabold,* 806 F.2d 87, 92–93 (6th Cir.1986).

■ We also note that the law of the case doctrine provides an additional basis for affirming the district court's judgment. With the exception of the addition of plaintiff Hayden, this suit is a duplicate of the dismissal recently affirmed in *Shewchun v. Rhode Island,* No. 98–1682, 1999 WL 455323 (6th Cir. June 23, 1999). Under the law of the case doctrine, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation. *United States v. Moored,* 38 F.3d 1419, 1421 (6th Cir.1994); *see also Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983). The law of the case dictates that issues, once decided, should be reopened only in extraordinary circumstances. *See Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). This suit presents only unexceptional circumstances.

■ Although Hayden is a recent addition to his litigious activities, Shewchun is no stranger to the federal courts. Research reveals that Shewchun has a long history of littering frivolous or duplicative suits upon the dockets of this court and other United States Courts of Appeal. *See, e.g., Shewchun v. Rhode Island,* No. 00–1280, 2001 WL 68334 (1st Cir. Jan.24, 2001); *Shewchun v. Gluch,* No. 98–1283, 1999 WL 426492 (6th Cir. June 16, 1999); *Shewchun v. INS,* No. 97–5044, 1997 WL 404711 (D.C.Cir. June 5, 1997); *Shewchun v. INS,* No. 95–1755, 1996 WL 506386 (6th Cir. Sept.4, 1996); *Shewchun v. U.S. Parole Comm'n,* No. 94–2198, 1996 WL 301718 (6th Cir. June 4, 1996); *Shewchun v. Meissner,* No. 95–1682, 1996 WL 183105 (6th Cir. Apr.16, 1996); *Shewchun v. U.S. Parole Comm'n,* No. 93–1414, 1993 WL 524246 (6th Cir. Dec.15, 1993); *Shewchun v. Gluch,* No. 87–1671, 1988 WL 19170 (6th Cir. Mar.8, 1988); *Shewchun v. Edwards,* No. 86–1425, 1986 WL 18146 (6th Cir.

Oct.1, 1986); *Shewchun v. United States,* 797 F.2d 941 (11th Cir.1986) (concerning Shewchun's convictions for mail and wire fraud). In the instant case, although the district court denied the defendants' motion for Fed.R.Civ.P. 11 sanctions, the district court warned Shewchun and Hayden that sanctions were available. In the light of this warning, and Shewchun's demonstrated willingness to prosecute duplicative or frivolous appeals, we caution the plaintiffs that future frivolous appeals will warrant sanctions. *See Ortman v. Thomas,* 99 F.3d 807, 811 (6th Cir.1996); *Filipas v. Lemons,* 835 F.2d 1145, 1146 (6th Cir. 1987).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.