AMENDED OPINION
{¶ 1} Defendant-appellant, Kenneth Stacy, appeals his conviction in the Butler County Court of Common Pleas for carrying a concealed weapon. For the reasons that follow, we reverse appellant's conviction and remand the matter to the trial court for a new trial.
 {¶ 2} Appellant was indicted in May 2001 on one count, inter alia, of carrying a concealed weapon in violation of R.C. 2923.12(A). Specifically, the indictment stated that "[o]n or about the 9th day of March, 2001, * * * KENNETH P. STACY, did knowingly carry or have concealed on his person or concealed ready at hand a certain deadly weapon, to wit: .45 cal. semi-automatic pistol, which offense is a felony of the fourth degree, in violation of the Ohio Revised Code, Title CARRYING CONCEALED WEAPON-LOADED, Section 2923.12(A) * * *." The case was tried to a jury. On January 4, 2002, a jury found appellant guilty of carrying a concealed weapon. The verdict form stated that "[w]e, the jury, * * * find the defendant, Kenneth P. Stacy, GUILTY of Carrying Concealed Weapon, as charged in Count One of the indictment." The trial court subsequently sentenced appellant to five years of community control and ordered him to pay court costs and $400 in fine. This appeals follows in which appellant raises seven assignments of error which will be addressed out of order.
 {¶ 3} In his third assignment of error, appellant argues that the trial court improperly instructed the jury on the elements necessary to prove carrying a concealed weapon. Specifically, appellant challenges the trial court's complete failure to instruct the jury on the essential element of "loaded" or "ammunition ready at hand."[1]
 {¶ 4} Because appellant did not object at trial to the jury instructions as given, we review the issue under the plain error standard. Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. Notice of plain error must be taken with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. State v. Long (1978),53 Ohio St.2d 91, paragraph three of the syllabus.
 {¶ 5} Appellant was charged with violating R.C. 2923.12(A) which provides that "[n]o person shall knowingly carry or have, concealed on his or her person or concealed ready at hand, any deadly weapon or dangerous ordnance." Pursuant to R.C. 2923.12(D), "[w]hoever violates this section is guilty of carrying concealed weapons, a misdemeanor of the first degree." If, however, "the weapon involved is a firearm that is either loaded or for which the offender has ammunition ready at hand," then carrying concealed weapons is a felony of the fourth degree. Id.
 {¶ 6} "In charging the jury, the court must state to it all matters of law necessary for the information of the jury in giving its verdict." R.C. 2945.11. No one may be convicted of a crime absent proof beyond a reasonable doubt of every fact necessary to constitute that crime. Glenn v. Dallman (C.A. 6, 1982), 686 F.2d 418, 419; State v.Moore (Jan. 31, 1994), Madison App. No. CA92-12-034. "Where a jury sits as the finder of fact in a criminal trial, the [trial] court's instructions to the jury concerning the necessary elements of the crime charged are the only means of assuring that the State is put to its burden of establishing every element of the crime." Glenn at 421.
 {¶ 7} Although appellant was charged with carrying a concealed weapon loaded, the trial court never instructed the jury about the element of "loaded" or "ammunition ready at hand." In fact, the trial court instructed the jury that appellant "is charged with Carrying Concealed Weapon. Before you can find the Defendant guilty, you must find beyond a reasonable doubt that * * * the Defendant knowingly carried or had concealed on his person or concealed ready at hand a deadly weapon." We find that the trial court's failure to instruct the jury on every essential element of the offense of carrying concealed weapon loaded was plain error under Crim.R. 52(B). The trial court's instructions effectively deprived appellant of his right to have the jury properly instructed of the crime for which he was actually being tried, and the essential elements of that crime. The trial court's error is not corrected simply because a reviewing court is satisfied after the fact of a conviction that sufficient evidence existed that the jury would or could have found that the state proved the missing element had the jury been properly instructed; the constitutional right to a jury places the burden on the state of proving the elements of a crime to the jury's satisfaction, not to the satisfaction of the reviewing court. Glenn,686 F.2d at 421; Moore, Madison App. No. CA92-12-034. Appellant's third assignment of error is accordingly well-taken and sustained.
 {¶ 8} Under his remaining six assignments of error, appellant argues that (1) R.C. 2923.12 violates the United States and Ohio Constitutions, therefore the trial court erred by not dismissing Count One of the indictment; (2) the trial court erred by convicting him of carrying concealed weapons loaded when the verdict form failed to specify the element of "loaded" or "ammunition ready at hand;" (3) his conviction was not supported by sufficient evidence; (4) his conviction was against the manifest weight of the evidence; (5) the trial court erred by not ordering a mistrial after the prosecutor denigrated the role of defense counsel during closing arguments; and (6) the trial court erred by imposing fines without considering appellant's ability to pay. In light of our finding regarding appellant's third assignment of error, we find it unnecessary to reach the issues presented in appellant's remaining six assignments of error. Although the state urges us to address the constitutionality of R.C. 2923.12, we decline to do so as the issue is now before the Ohio Supreme Court. Klein v. Leis, 96 Ohio St.3d 1488, 2002-Ohio-0585. Accordingly, appellant's remaining six assignments of error are moot.
 {¶ 9} As previously noted, a jury found appellant guilty of carrying a concealed weapon. The verdict form did not refer to the element of "loaded" or "ammunition ready at hand." Nor did it identify the offense as either a felony or a misdemeanor. As a result, we are unable to ascertain of which offense the jury convicted appellant. Under those circumstances, and because the trial court's defective jury instructions prejudiced appellant's substantial right to have the jury pass on every element of the crime he was charged with, we find that a new trial is required.[2] Appellant's conviction for carrying a concealed weapon is therefore reversed and the matter is remanded to the trial court for a new trial.
YOUNG, P.J., and POWELL, J., concur.
[1] The state of Ohio conceded during oral arguments that the trial court improperly instructed the jury on all of the essential elements of carrying a concealed weapon loaded.
[2] If a defendant is convicted and then succeeds in reversing the conviction on appeal on any basis other than insufficiency of evidence, he may be retried without violating the Double Jeopardy Clause. See Wangv. Withworth (C.A. 6, 1987), 811 F.2d 952, certiorari denied 481 U.S. 1051,107 S.Ct. 2185; State v. Liberatore (1982), 69 Ohio St.2d 583.