**Randy Gale PHILLIPS,
Petitioner-Appellant,**

v.

**James ROSE, et al.,
Respondents-Appellees.**

**No. 82–5001.**

United States Court of Appeals,
Sixth Circuit.

Argued July 30, 1982.

Decided Oct. 6, 1982.

Rehearing and Rehearing En Banc
Denied Dec. 20, 1982.

E. E. Edwards, III, Nashville, Tenn., for petitioner-appellant.

William M. Leech, Jr., Atty. Gen. of Tenn., John Zimmerman, Gordon Smith, Asst. Attys. Gen., Nashville, Tenn., for respondents-appellees.

Before EDWARDS, Chief Judge, and ENGEL. and CONTIE, Circuit Judges.

PER CURIAM.

Petitioner Randy Gale Phillips appeals from the dismissal of his petition for habeas corpus under 28 U.S.C. § 2254 by the United States District Court for the Middle District of Tennessee. Phillips claims in his petition that the state trial judge in the course of his charge to the jury shifted the burden of proving malice to the defendant, in violation of his due process rights as articulated in *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979).[1] We reverse and remand with instructions to the district court to grant the writ.

Phillips was indicted and tried in Madison County, Tennessee for first degree murder. The jury was instructed in part as follows:

All homicides are presumed to be malice in the absence of evidence that would rebut the implied presumption.

The Judge further instructed:

Likewise, if a weapon is handled in a manner so as to make the killing a natural or probable result of such conduct, then there is raised a presumption of malice sufficient to support a conviction of murder in the second degree unless it is rebutted by other facts and circumstances.

Finally, the judge instructed:

If a deadly weapon of any kind or character is handled in a manner so as to make the killing a natural or probable result, *malice will be presumed* from the use of the weapon.

(emphasis added). The jury convicted Phillips of second degree murder on June 22, 1978. He was sentenced to a term of fifty (50) years and one (1) day in the State Penitentiary.

The Court of Criminal Appeals affirmed Phillips' conviction on June 19, 1980. It held that the last cited instruction was erroneous if considered without reference to other instructions, but that the instructions read as a whole were proper. The Supreme Court of Tennessee denied Phillips' application for permission to appeal on June 19, 1980. On July 24, 1981, Phillips filed a petition for habeas corpus in the United States District Court for the Middle District of Tennessee, which was denied on November 19, 1981. The District Judge agreed that the last cited instruction considered in isolation was improper but found the in-

---

1. Phillips also claimed he received ineffective assistance of counsel. That issue is not before us on appeal.

structions as a whole did not shift the burden of proving malice to Phillips. This appeal followed.

In *Sandstrom, supra,* the Supreme Court held that an instruction that has the effect of creating a presumption shifting the burden of persuasion to the defendant on any element of the crime charged is violative of due process. 442 U.S. at 524, 99 S.Ct. at 2459. The instructions in the present case clearly had the effect of shifting the burden of persuasion regarding malice, an element of both first and second degree murder in Tennessee, to the defendant. *See Harless v. Anderson,* 664 F.2d 610 (6th Cir. 1981).[2]

We are unpersuaded by the state's assertion that general instructions requiring that the jurors find all elements present beyond a reasonable doubt and that the jurors determine whether malice was present by looking at all circumstances cured any error. "[The instructions] are not rhetorically inconsistent with a conclusive or burden-shifting presumption. The jury could have interpreted the two sets of instructions as a means by which proof beyond a reasonable doubt as to [malice] could be satisfied." *Sandstrom v. Montana, supra,* 442 U.S. at 518–19 n. 7, 99 S.Ct. at 2456 n. 7. We note also that the first two cited instructions, far from curing any error, reinforced the notion upon the jury that malice must be presumed.[3] The instruction is therefore constitutionally defective.

The State next argues that the instruction constituted harmless error under *Chap-man v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). We disagree.[4] Unlike *Krzeminski v. Perini,* 614 F.2d 121 (6th Cir. 1980), the error here could have affected jury deliberations.

Phillips advanced theories of self defense and accident. There was conflicting evidence regarding whether the shooting was accidental, which would negate the element of malice. Phillips and Freddie Lee Berry had fought earlier in the evening of the killing. Phillips testified that he later walked outside his home and fired shots to bring Berry, his neighbor, outside. Dorsey Huckabee, who broke up the earlier fight, left the area in a car and was gone for several minutes. Phillips testified that when Huckabee returned, he entered Phillips' yard and turned Phillips to face him. Phillips testified he hit Huckabee with the barrel of his shotgun when Huckabee reached for his pocket following his statement that " '[i]f you guys want to play with guns, I've got one too, to take care of both of you.' " Transcript at 219. He testified further that he assumed Huckabee had a gun. Finally, he testified that he felt the blow would be enough to stop Huckabee, but that the gun went off as he turned around.[5] Although there are conflicting accounts concerning whether Phillips stepped backward or merely turned, whether Huckabee's hands were placed in his pockets, and whether Phillips hit Huckabee with the barrel or the butt of his gun, it was the jury's function to assess the credi-

---

**2.** The State relies on an unpublished opinion of our court, *Armes v. Davis,* 663 F.2d 1070 (6th Cir. 1981). Whatever its precedential value, we decline to follow it in the present case. *Armes* is inapposite on its facts, and it neither makes reference to *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), nor addresses the question of harmless error.

**3.** It is true that the judge charged the jury that the presumption that homicides are accompanied by malice could be rebutted by evidence offered by defendant or by evidence offered by the state. An instruction is defective, however, if a reasonable juror could interpret it as having a burden-shifting effect even where it is possible for jurors to have interpreted it other-

wise. *Sandstrom v. Montana,* 442 U.S. 510, 519, 99 S.Ct. 2450, 2457, 61 L.Ed.2d 39 (1979); *cf. Carter v. Jago,* 637 F.2d 449 (6th Cir. 1980) (instruction that jury "may infer" that act done maliciously from presence of weapon is appropriate).

**4.** Because both the Tennessee Court of Criminal Appeals and the District Court found the instructions as a whole were proper, neither court considered whether any error was harmless.

**5.** We do not agree with the state's assertion that Phillips' statement that he "shot" and "killed" Huckabee is inconsistent with a defense that the shooting was accidental.

bility of the witnesses.[6] Unlike the defendant in *Krzeminski, supra,* Phillips did not admit the presence of the element of the crime at issue in the defective jury instruction. Given the opposing inferences to be drawn from the evidence, it cannot be said that proof of malice is "overwhelming." *Hooper v. Perini,* 641 F.2d 445 (6th Cir. 1981). The error was not harmless beyond a reasonable doubt.

Accordingly, the judgment of the District Court is reversed and remanded with instructions to grant a conditional writ.

---

**6.** Two defense witnesses offered evidence indicating that Huckabee entered the yard. One of the state's witnesses corroborated Phillips' testimony that he hit Huckabee with the barrel of the gun. One defense witness corroborated Phillips' story that he did not step backward and aim at Huckabee, and that Huckabee kept his hands in his pockets and said he had a gun.

This behavior easily could be deemed reckless. The jury instructions stated that reckless-ness would support a finding of involuntary manslaughter, but second degree murder could be found only if Phillips aimed the gun at his victim prior to a shot being discharged. Transcript at 275–76; 268–69. The judge instructed further that malice can be implied from "willful recklessness" but defined it as knowledge the act is perilous to human life. Transcript at 265. The contested question regarding whether Phillips stepped back therefore is crucial.