# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

MAY 1997 SESSION



FILED

**October 2, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **CURTIS L. WATKINS,** | ) | |
| | ) | |
| Appellant, | ) | C.C.A. No. 03C01-9608-CR-00292 |
| | ) | |
| vs. | ) | Hamilton County |
| | ) | |
| **DAVID NEWBERRY, WARDEN, AND STATE OF TENNESSEE,** | ) | Honorable Stephen M. Bevil, Judge |
| | ) | |
| | ) | |
| Appellees. | ) | (Post-Conviction & Habeas Corpus) |
| | ) | |

FOR THE APPELLANT:

ARDENA GARTH
District Public Defender

DONNA MILLER
Assistant District Public Defender
701 Cherry St., Ste. 300
Chattanooga, TN 37402

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

CLINTON J. MORGAN
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

WILLIAM H. COX, III
District Attorney General

THOMAS EVANS
Assistant District Attorney General
600 Market St., Ste. 300
City-County Courts Bldg.
Chattanooga, TN 37402

OPINION FILED: _____

**AFFIRMED**

CURWOOD WITT
JUDGE

## OPINION

The petitioner, Curtis L. Watkins, appeals the Hamilton County Criminal Court's summary dismissal of his "Petition for the Writ of Habeas Corpus or in the Alternative Petition for Post-Conviction Relief." The petitioner is currently serving a term of life imprisonment in the Tennessee Department of Correction for a conviction of first degree murder. In this appeal, he presents four issues for our review:

1. Whether the jury instruction given regarding the definition of malice violated his constitutional rights by shifting the burden of proof to the defendant.

2. Whether a jury instruction equating moral certainty with reasonable doubt violated his constitutional rights.

3. Whether counsel was ineffective at trial and on appeal.

4. Whether Tennessee Code Annotated section 40-30-201 provides him a one year window of opportunity to file a post-conviction claim.

Following a review of the record, we affirm the judgment of the lower court.

Watkins was convicted of first degree murder in 1978. This court affirmed his conviction on May 21, 1979. State v. Curtis Lamont Watkins, No. 637 (Tenn. Crim. App., Knoxville, May 21, 1979). No application for permission to appeal was filed with the supreme court. Watkins thereafter filed a petition for post-conviction relief alleging ineffective assistance of trial counsel. This court affirmed the lower court's denial of relief in an opinion filed December 21, 1982. Curtis Lamont Watkins v. State, No. 798 (Tenn. Crim. App., Knoxville, Dec. 21, 1982). No application for permission to appeal was filed with the supreme court. He filed the instant action on June 30, 1993.

Our analysis of Watkins' petition begins by noting he is not entitled to habeas corpus relief on the current petition. The petition was filed in Hamilton County, the county where Watkins was convicted. At the time Watkins filed this petition, he was incarcerated in Morgan County. The petition was filed in the proper county for post-conviction relief but not habeas corpus relief. Compare Tenn. Code

Ann. § 40-30-204(a) (Supp. 1996) (post-conviction petition shall be filed in court where conviction occurred) with Tenn. Code Ann. § 29-21-105 (1980) (petition for writ of habeas corpus shall be filed in court "most convenient in point of distance" to the petitioner unless a sufficient reason is given in the petition). Thus, our consideration of the petition is limited to any relief which may be afforded under the Post-Conviction Procedure Act.

## I

Watkins' first issue is that his conviction is unconstitutional because the jury instruction on malice improperly shifted the burden of proof to him in violation of Sandstrom v. Montana, 442 U.S. 510, 99 S. Ct. 2450 (1979). He claims, contrary to the holding of the lower court, this action was timely filed in 1993 because Sandstrom was not adopted by the Tennessee Supreme Court until State v. Bolin, 678 S.W.2d 40 (Tenn. 1984) was decided, and Sandstrom was not given retroactive effect until this court's decision in Daniel Carl Brewer v. State, No. 1179 (Tenn. Crim. App., Knoxville, Feb. 22, 1991), perm. app. denied (Tenn. 1991) (recommending against publication of Court of Criminal Appeals opinion).

The state counters that this issue is controlled by the supreme court's holding in Sands v. State, 903 S.W.2d 297 (Tenn. 1995), in which the court denied post-conviction relief to a petitioner who alleged in an amended petition filed in 1991[1] that his 1977 convictions were the unconstitutional results of Sandstrom error. The Sands court was unpersuaded by the petitioner's argument he was entitled to an exception from the post-conviction statute of limitations under the authority of Burford v. State, 845 S.W.2d 204 (Tenn. 1992)[2] because Sandstrom

---

[1]The original petition was filed in 1990. Robert Lee Sands v. State, No. 03C01-9207-CR-00241, slip op. at 3 (Tenn. Crim. App., Knoxville, Jan. 13, 1994), aff'd, 903 S.W.2d 297 (Tenn. 1995).

[2]Burford held that due process prevents certain "later arising" constitutional claims from being barred by the post-conviction statute of limitations where the grounds for relief arise after the commencement of the limitations period. See generally Burford, 845 S.W.2d 204. Prior to July 1, 1986, Tennessee's Post-Conviction Procedure Act contained no statute of limitations.

was not given retroactive effect until after Sands' statute of limitations for post-conviction relief had already expired.[3] Sands, 903 S.W.2d at 299-302. In rejecting that argument, the supreme court noted that as early as 1982, the Sixth Circuit granted habeas corpus relief based upon retroactive application of Sandstrom in Phillips v. Rose, 690 F.2d 79 (6th Cir. 1982), a case filed by a Tennessee prisoner. Sands, 903 S.W.2d at 302.

Watkins' post-conviction statute of limitations commenced on July 1, 1986, and it did not expire until July 3, 1989. Tenn. Code Ann. § 40-30-102 (1990); Abston v. State, 749 S.W.2d 487, 488 (Tenn. Crim. App. 1988); see Stephen L. Carey v. State, No. 03C01-9309-CR-00330, slip op. at 3-6 (Tenn. Crim. App., Knoxville, Nov. 8, 1994), perm. app. denied (Tenn. 1995). He is not entitled to post-conviction relief after the expiration of his limitations period unless application of the statute of limitations would deprive him of a reasonable opportunity to have the issue heard and decided, in violation of due process, Burford, 845 S.W.2d 204, or a new constitutional right requiring retroactive application is recognized after the limitations period has expired. Tenn. Code Ann. § 40-30-105 (1990). According to our supreme court's holding in Sands, Sandstrom was given retroactive effect prior to the commencement of Watkins' limitations period in 1986.[4] See Sands, 903 S.W.2d at 302 (citing Phillips, 690 F.2d 79). Thus, Watkins does not qualify for delayed filing. The lower court correctly found this claim was barred by the statute

---

[3]The Sands petitioner claimed the supreme court's opinion in Swanson v. State, 749 S.W.2d 731 (Tenn. 1988), first gave Sandstrom retroactive effect. The Sands court rejected that interpretation of Swanson. Sands, 903 S.W.2d at 301-02.

[4]In Thomas E. Croscup, Jr. v. State, N. 02C01-9502-CC-00042 (Tenn. Crim. App., Jackson, Dec. 13, 1995), perm. app. denied (Tenn. 1996), an opinion released after Sands, a panel of this court held Sandstom was not made retroactive until the U.S. Supreme Court's decision in Yates v. Aiken, 484 U.S. 211, 108 S. CT. 534 (1988); however, Croscup fails to acknowledge the Sands holding that earlier cases applied Sandstrom retroactively (Croscup cites Sands as a second authority for the holding of Burford but does not discuss it further). Also, Croscup does not reference an earlier reported case from this court, Adkins v. State, 911 S.W.2D 334 (Tenn. Crim. App. 1994). Adkins says that Yates does not address the retroactivity of Sandstrom. We merely acknowledge the incongruent holdings of Sands and Croscup. On the facts of this case, the result would be the same under either approach because Watkins did not file his claim until 1993, which would be too late under the Croscup analysis.

4

of limitations.

## II

Watkins next claims his conviction is constitutionally infirm because the jury was improperly instructed that moral certainty was the equivalent of reasonable doubt, requiring reversal of his conviction and a new trial under Cage v. Louisiana, 498 U.S. 39, 111 S. Ct. 328 (1990). The trial court denied relief, finding this court and the supreme court had upheld the constitutionality of similar instructions.

The state urges us to find Watkins' claim barred by the statute of limitations. Although the state cites no authority for this proposition, this court has previously dismissed a like claim, finding Burford did not save the claim from the statutory bar. See Rickey G. Smith v. State, No. 02C01-9511-CR-00342, slip op. at 5-6 (Tenn. Crim. App., Jackson, Apr. 28, 1997) (also holding the issue waived by failure to raise it in a prior proceeding); see Pettyjohn v. State, 885 S.W.2d 364 (Tenn. Crim. App. 1994).

In any event, Watkins' argument is doomed to fail because our supreme court has upheld instructions using similar moral certainty phraseology. See State v. Nichols, 877 S.W.2d 722 (Tenn. 1994).[5] Additionally, the federal cases which Watkins cites in his brief, Austin v. Bell, 938 F. Supp. 1308 (M.D. Tenn. 1996) and Rickman v. Dutton, 864 F. Supp 686 (M.D. Tenn. 1994), which held Tennessee

---

[5]Our holding is further supported by the Supreme Court's decision in Victor v. Nebraska, 511 U.S. 1, 114 S. Ct. 1239 (1994). There the high court said moral certainty instructions may pass constitutional scrutiny if used with further modifying instructions that lend meaning to the phrase. The instruction of which Watkins complains combined the moral certainty language with "let the mind rest easily" language. An instruction substantially similar to the one given Watkins' jury was upheld by our supreme court earlier this year. See State v. Michael Dean Bush, No. 03-S01-9604-CC-00047 (Tenn., Knoxville, Apr. 7, 1997), pet. for cert. filed, (U.S., Apr. 28, 1997); see also State v. Sexton, 917 S.W.2d 263 (Tenn. Crim. App. 1995). But see Austin, 938 F. Supp. at 1318-19; Rickman, 864 F. Supp. at 709.

moral certainty instructions were unconstitutional, are of no precedential value in this case. This court considers itself bound by the previous ruling of the Tennessee Supreme Court in <u>Nichols</u> despite the contrary holdings of the federal district court. <u>See, e.g.</u>, <u>Sexton</u>, 917 S.W.2d at 266. As an inferior appellate court we are bound to follow the precedent of our state's highest court. <u>See</u> <u>Barger v. Brock</u>, 535 S.W.2d 337, 341 (Tenn. 1976). This issue is both barred and substantively without merit.

**III & IV**

Finally, Watkins claims he was denied the effective assistance of counsel at trial and on direct appeal. This issue has been previously determined. <u>See</u> <u>Curtis Lamont Watkins v. State</u>, No. 798 (Tenn. Crim. App., Knoxville, Dec. 21, 1982) (ineffective assistance of counsel claim). Moreover, it is barred by the statute of limitations. Tenn. Code Ann. § 40-30-102 (1990). Contrary to Watkins' assertion, section 40-30-201 does not provide him with a one year window of opportunity to file a post-conviction claim. His petition was filed under the previous Post-Conviction Procedure Act, Tennessee Code Annotated sections 40-30-101 to -124. Section 40-30-201 did not take effect until approximately two years after Watkins filed his petition. <u>See</u> Tenn. Code Ann. § 40-30-201, Compiler's Notes (Supp. 1996) (governing all petitions filed after May 10, 1995). As such, it does not apply to this action. In any event, a majority of this court does not interpret section 40-30-201 to revive previously expired claims. <u>See, e.g.</u>, <u>Benjamin Wolfenbarger</u>, No. 03C01-9603-CC-00124, slip op. at 3-4 (Tenn. Crim. App., Knoxville, April 1, 1997), <u>appl. for perm. app. filed</u> (Tenn. June 3, 1997); <u>Johnny Tillman v. State</u>, No. 03C01-9512-CR-00413 (Tenn. Crim. App., Knoxville, Feb. 12, 1997), <u>appl. for perm. app. filed</u> (Tenn. Feb. 18, 1997); <u>Doyle Carter v. State</u>, No. 01C01-9511-CC-00398 (Tenn. Crim. App., Nashville, Feb. 12, 1997). <u>But see</u> <u>Arnold Carter v. State</u>, No. 03C01-9509-CC-00270 (Tenn. Crim. App., Knoxville, July 11, 1996), <u>perm. app. granted</u> (Tenn., Dec. 12, 1996).

For these reasons, the judgment of the trial court is affirmed.

_____
CURWOOD WITT, JUDGE


CONCUR:


_____
JOSEPH B. JONES, PRESIDING JUDGE


_____
JOSEPH M. TIPTON, JUDGE